# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARIA MENAS, Administrator of the
Estate of Dimitrios Emmanuel Menas,
Deceased, and in her own right,

        Plaintiff,

vs.

WASHINGTON TOWNSHIP;
JARRED KIER; and JAKE SKUNDA,

        Defendants.

No.   2:23-cv-353

**COMPLAINT**

Filed on Behalf of:
MARIA MENAS, Administrator of the
Estate of Dimitrios Emmanuel Menas,
Deceased, and in her own right

Counsel of Record for This Party:

KENNETH J. NOLAN, ESQUIRE
Pa. I.D. #32422
Email: ken@getphil.com

PHIL DILUCENTE & ASSOCIATES, LLC
310 Grant Street
Suite 1801 Grant Building
Pittsburgh, PA 15219
(412) 281-5005 - telephone
(412) 471-7445 - facsimile

**JURY TRIAL DEMANDED**

I certify that this filing complies with the Provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

_____
Kenneth J. Nolan, Esquire

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARIA MENAS, Administrator of the Estate of Dimitrios Emmanuel Menas, Deceased, and in her own right, | ) ) No. ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| WASHINGTON TOWNSHIP; JARRED KIER; and JAKE SKUNDA, | ) ) ) ) |
| Defendants. | ) ) ) ) |

## COMPLAINT

AND NOW, comes the Plaintiff, Maria Menas, Administrator of the Estate of Dimitrios Emmanuel Menas, Decedent, and in her own right, by and through her attorneys, Kenneth J. Nolan, Esquire and Phil DiLucente & Associates, LLC, and files a Complaint, alleging as follows:

### PARTIES

1.  Plaintiff, Maria Menas, is an adult individual who resides at 521 Beech Road, Pittsburgh, Allegheny County, Pennsylvania 15239.

2.  The Decedent, Dimitrios Emmanuel Menas, (hereinafter sometimes referred to as "Dimitrios Menas" or "Decedent") died on July 5, 2021.

3.  Maria Menas is the Decedent's mother.

4.  The Decedent was 25 years old; lived at his mother's residence at 521 Beech Road, Pittsburgh, Pennsylvania 15239; was single; had no children; had no siblings; and was predeceased by his father.

3

5. On February 24, 2022, the Department of Court Records, Wills/Orphans Court Division of Allegheny County, issued Letters of Administration to Maria Menas at No. 022201307 as Administrator of the Estate of Dimitrios Menas.

6. Washington Township is a municipality of the Commonwealth of Pennsylvania with a main address of 285 Pine Run Church Road, Apollo, Westmoreland County, Pennsylvania 15613.

7. By letter of December 23, 2021, Plaintiff's counsel provided a notice letter to Washington Township pursuant to 42 Pa.C.S.A. § 5522.

8. Washington Township Police Department is a police department which is part of Washington Township, with a main address of 289 Pine Run Church Road, Apollo, Westmoreland County, Pennsylvania 15613.

9. By letter of December 23, 2021, Plaintiff's counsel provided a notice letter to Washington Township Police Department pursuant to 42 Pa.C.S.A. § 5522.

10. The Defendant, Jarred Kier (hereinafter sometimes referred to as " Officer Kier") is an adult individual who, at all times relevant hereto, had a place of business at 289 Pine Run Church Road, Apollo, Westmoreland County, Pennsylvania 15613.

11. It is believed and therefore averred that at all times relevant hereto Officer Kier was employed by Washington Township in its police department as a law enforcement officer.

12. Defendant, Jake Skunda (hereinafter sometimes referred to as "Officer Skunda") is an adult individual with a place of business at 289 Pine Run Church Road, Apollo, Westmoreland County, Pennsylvania 15613.

13. It is believed and therefore averred that at all times relevant hereto Officer Skunda was employed by Washington Township in its police department as a law enforcement officer.

## JURIDICTION AND VENUE

14. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343 in that it raises questions of federal law pursuant to the United States Constitution and possibly other federal laws governing civil rights and, in particular, 42 U.S.C. § 1983.

15. This Court has supplemental jurisdiction over any common law and/or state law claims raised by the Plaintiff pursuant to 28 U.S.C. § 1367.

16. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) as all Defendants work in and may be found in the Western District, and the events and omissions giving rise to the claims herein occurred in the Western District.

## FACTUAL ALLEGATIONS COMMON TO ALL DEFENDANTS

17. On or about July 5, 2021, Decedent was arrested by Officer Kier of the Defendant, Washington Township Police Department, which is part of Washington Township, for suspicion of driving under the influence of alcohol.

18. The arrest took place on Route 66 near Paradise Drive in Apollo, Westmoreland County, Pennsylvania.

19. It is believed and therefore averred that Officer Skunda and the Washington Township Police Department also participated in the arrest of Decedent.

20. Officer Kier and Officer Skunda were informed by Decedent that prior to the arrest, he had been at a party in Saltsburg, Pennsylvania where he had been forced to drink alcohol, had threats made against him that he would be harmed if he did not leave the premises, and was forced to leave the premises after one or more persons took his gun, shoes, and phone.

21. After arresting and handcuffing Decedent, Officer Kier and possibly Officer Skunda transported Decedent to the Washington Township Police Station, where requests were made by one or more of the Defendants to have Murrysville EMS perform a blood draw, which draw was believed to have been performed.

22. On more than one occasion at the arrest site and/or while being transported to the Washington Township Police Station and/or at the Washington Township's police station premises and/or during transport from the police station premises to Decedent's residence, Decedent told Officer Kier and Officer Skunda that he wanted to harm himself.

23. On one or more occasions while at the arrest site and/or while in transport to the Washington Township Police Station and/or on the police station premises and/or in transit from the police station to Decedent's residence, Decedent told Officers Kier and Skunda that he wished he was dead.

24. Rather than transporting Decedent to a hospital or another medical facility for a mental health evaluation, Officer Kier and the police department transported Decedent to 521 Beech Road, Pittsburgh, Allegheny County, Pennsylvania 15239.

25. At all times during transport from the Washington Township's police station to Decedent's residence, Decedent remained under arrest and handcuffed in the rear of the Washington Township's police vehicle operated by Officer Kier.

26. On July 5, 2021, beginning at approximately 12:56 a.m. and for an extended period of time, the Decedent displayed a particular vulnerability to suicide of which Officer Kier and/or Officer Skunda knew or should have known and said officers acted with reckless indifference to the known risk of suicide, leading to and resulting in the Decedent's suicide between approximately 3:26 a.m. and 3:30 a.m.

27. Despite several threats made by Decedent to Officers Kier and Skunda about harming himself and wishing he was dead, the officers acted with reckless indifference to Decedent's known and excessive risk of suicide.

28. When Officer Kier transported Decedent to the residence at 521 Beech Road, Pittsburgh, Pennsylvania 15239, he spoke with Plaintiff, Maria Menas, who is Decedent's mother.

29. While Officer Kier was initially speaking with Maria Menas at the residence, Decedent remained handcuffed in the rear seat of the Washington Township Police Department police vehicle.

30. At no time during the course in speaking with Maria Menas did Officer Kier communicate to her that Decedent had repeatedly threatened to hurt himself and wished that he was dead.

31. At no time before releasing Decedent to his residence did Officer Kier inquire of Maria Menas or Decedent whether the Decedent had access to guns or other lethal weapons in the house.

32. Because Officer Kier did not communicate, advise, or warn Maria Menas of the suicidal statements repeatedly made by the Decedent while he was detained by Defendants, she had no reason to believe that a medical evaluation was necessary.

33. Officer Kier handed Decedent's keys to Decedent as he was entering his residence, one of which was ultimately used by Decedent to unlock the gun safe in his bedroom.

34. Because Officer Kier did not communicate, advise, or warn Maria Menas of the suicidal statements repeatedly made by the Decedent while he was detained by Defendants, she had no reason to intercept the passage of the key to the gun safe from Officer Kier to the Decedent.

7

35.     Defendants, Officers Kier and Skunda, participated in the events at the time of and subsequent to the arrest of Decedent leading up to his death.

36.     At all times relevant hereto, all Defendants were working in cooperation with and were of assistance to each other.

37.     As a direct and proximate result of Defendants' conduct, the Decedent died.

38.     As a direct and proximate result of the aforementioned incident, the Decedent suffered the damages as more fully set forth in this Complaint.

39.     As a result of the events that took place in Maria Menas' house after Officer Kier transported Decedent to the house, Maria Menas was subjected to infliction of emotional distress as she was present in the house at all times leading up to Dimitrios Menas' death.

**JURY TRIAL DEMANDED.**

## COUNT I
## MARIA MENAS, ADMINISTRATOR OF THE ESTATE OF DIMITRIOS MENAS, DECEDENT V. JARRED KIER AND JAKE SKUNDA
## 42 U.S.C. § 1983

40.     Plaintiff incorporates by reference Paragraphs 1 through 39 of this Complaint as though the same were set forth at length herein.

41.     At all times relevant hereto, Officers Kier and Skunda were acting under color of the statutes, ordinances, regulations, customs, laws and usages of Defendant, Washington Township, and its police department and under the authority of their offices as law enforcement officers.

42.     Officers Kier and Skunda deprived Decedent of the rights, privileges and immunities secured to him by 42 U.S.C. § 1983 and by the Fourteenth Amendment to the United States Constitution.

43. Dimitrios Menas' injuries, losses and damages were the direct and proximate result of the Defendants' conduct, including but not limited to the following:

    a.    In acting with reckless indifference to the known risk of suicide when Defendants knew or should have known of Decedent's particular vulnerability to suicide;

    b.    In failing to respond properly or adequately to the objective, known, and excessive risk of suicide posed by Decedent;

    c.    In failing to properly monitor and observe Decedent;

    d.    In failing to request medical intervention by experienced medical personnel on behalf of Decedent;

    e.    In failing to observe the condition of Decedent at all times while he was detained;

    f.    In acting with reckless indifference in failing to inform Maria Menas of the repeated threats made by Decedent to harm himself and to wish that he was dead;

    g.    In deliberately and willfully placing Decedent under arrest without taking the appropriate precautions to secure his safety while in custody and thereafter;

    h.    In deliberately and willfully failing to take appropriate precautions to secure Decedent's safety before, at the time, and after he was released to his mother;

    i.    In deliberately and willfully transporting Decedent and leaving him at his residence without taking any precautions to secure his safety;

j. In failing to provide a safe environment that would have prevented Decedent's death by suicide;

k. In failing to acquire medical assistance for Decedent;

l. In failing to get medical assistance for Decedent in a timely manner;

m. In failing to communicate to Decedent's mother the repeated suicidal threats made by Decedent while he was detained by Defendants;

n. In acting with reckless indifference in failing to familiarize themselves with Washington Township's written suicide policies and procedures; and

o. In acting with reckless indifference to follow and/or comply with Washington Township's suicide policies and procedures.

44. Defendants have violated the Fourteenth Amendment of the United States Constitution as the suicide of Decedent resulted from Defendants' reckless indifference to Decedent's particular vulnerability to suicide when Defendants knew or should have known of the vulnerability.

45. The Defendants' reckless indifference to the Decedent's particular vulnerability to suicide when transporting him to his mother's residence was a cause of Dimitrios Menas' injuries and death and was a violation of Decedent's civil rights afforded by the Fourteenth Amendment of the United States Constitution.

46. The Defendants, in depriving Decedent of his constitutional rights, acted in a recklessly indifferent and outrageous manner.

47. Plaintiff seeks wrongful death and survival damages and reasonable attorneys' fees and costs as provided by 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, Maria Menas, as Administrator of the Estate of Dimitrios Menas, demands judgment against the Defendants, Jarred Kier and Jake Skunda, for compensatory and punitive damages together with court costs, attorneys' fees, interest and all other relief that may be permitted by the Court.

**JURY TRIAL DEMANDED.**

## COUNT II
## MARIA MENAS, as the ADMINISTRATOR of the ESTATE OF DIMITRIOS MENAS, DECEDENT v. WASHINGTON TOWNSHIP
## 42 U.S.C. § 1983

48. Plaintiff incorporates by reference Paragraphs 1 through 47 of this Complaint as though set forth at length herein.

49. On and prior to July 5, 2021, Washington Township deprived Plaintiff and Decedent of the rights, privileges, and liberties secured to them by the Fourteenth Amendment to the United States Constitution in that Defendant and its supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights, privileges and liberties of the public in general, and the Plaintiff and Decedent in particular, knowingly maintained, enforced and applied an officially recognized custom, policy, and practice of:

   a. Failing to develop and implement policies and procedures involving the training of police officers in safe methods of handling arrested persons;

   b. Failing to develop and implement policies and procedures involving the training of police officers in the monitoring of arrested persons under the care and custody of the Defendant township and its police department;

11

c. Failing to develop and implement policies and procedures involving the training of police officers to provide medical intervention to persons under the care and custody of the Defendant township and its police department;

d. Failing to develop and implement policies and procedures designed to recognize that a detainee's alcohol consumption prior to his arrest may render him more susceptible to self-inflicted harm, including suicide;

e. Failing to develop and implement policies and procedures involving the recognition that detainee's account of occurrences prior to his arrest may render him more susceptible to self-inflicted harm, including suicide;

f. Failing to develop and implement policies and procedures involving the proper supervision of police officers;

g. Failing to develop and implement policies and procedures involving training of police officers in the recognition of a person's particular vulnerability to suicide while detained by the township and its police department;

h. Failing to develop and implement policies and procedures involving the training of police officers in suicide prevention of persons detained by the township's police department;

i. Failing to properly train police officers in suicide risk assessment of persons under the care and custody of the Defendant township and its police department;

j. Failing to properly train police officers in responding to persons with a particular vulnerability to suicide while under the care and custody of the township and its police department;

k. Employing and retaining police officers who did not understand or implement suicide risk assessments;

l. Failing to establish and/or implement policies and procedures intended to prevent transport of detainees with objective, known and excessive suicide risk from a township police station in a township police vehicle to a private residence without seeking medical assessment or intervention;

m. Failing to establish and implement policies and procedures regarding the prohibition of the transport of persons with a known particular vulnerability to suicide to a residence where the residents are not trained or equipped to properly handle one who has threatened suicide;

n. Failing to establish or implement policies and procedures regarding preparation and maintenance of timely and accurate records;

o. Failing to establish or implement policies and procedures regarding meetings and communications with local hospitals, medical personnel and EMS personnel regarding working together in the handling of persons with a particular vulnerability to suicide;

p. Permitting unqualified individuals to be responsible for assessing and determining detainees' mental health needs; and

> q. Failing to develop written suicide policies and procedures which were not incomplete and inadequately written to protect the safety of potentially suicidal detainees.

50. The actions of the Defendant police officers as set forth in this Complaint resulted from and were pursuant to policies, practices, and/or customs of the Defendant township and its police department, which policies, practices and/or customs, were implemented by the individual police officers.

51. Defendant, Washington Township, and its police department approved and condoned the procedures, as set forth in this Complaint, followed by the Defendant police officers.

52. The Defendant's reckless indifference to the Decedent's particular vulnerability to suicide while in the care and custody of the Defendant Township and its police department caused his injuries and death and violated his civil rights guaranteed by the Fourteenth Amendment of the United States Constitution.

53. Plaintiff seeks wrongful death and survival damages and reasonable attorneys' fees and costs from Defendant as provided for by 42 U.S.C. § 1988.

WHEREFORE, the Plaintiff, Maria Menas, Administrator of the Estate of Dimitrios Menas, Decedent, demands judgment against Defendants for compensatory and punitive damages together with court costs, attorneys' fees, interest and all other relief permitted by this Court.

**JURY TRIAL DEMANDED.**

### COUNT III
### PLAINTIFF, MARIA MENAS, AS ADMINISTRATOR OF THE ESTATE OF DIMITRIOS MENAS v. ALL DEFENDANTS
### WRONGFUL DEATH

54. Plaintiff incorporates herein by reference Paragraphs 1 through 53 of the Complaint as though set forth at length herein.

14

55. The individual solely eligible to recover damages resulting from Dimitrios Menas' death pursuant to 42 Pa. C.S.A. § 8301 is Maria Menas, Decedent's mother, who resides at 521 Beech Road, Pittsburgh, Allegheny County, Pennsylvania 15239, as Decedent was not married, had no issue, and whose father predeceased him.

56. During his lifetime, Dimitrios Menas did not commence any action for the injuries that caused his death, and no other action has been filed to recover for the wrongful death of Dimitrios Menas.

57. At all times relevant hereto, Defendants conducted themselves in a willful and recklessly indifferent manner to the rights of Dimitrios Menas pursuant to 42 U.S.C. § 1983 and in the following particulars:

      a. In ignoring Decedent's particular vulnerability to suicide;

      b. In failing to respond properly or adequately to the objective, known and excessive risk of suicide posed by the Decedent;

      c. In failing to properly monitor the Decedent;

      d. In failing to properly act upon Decedent's repeated threats to harm himself and wishing he was dead;

      e. In failing to request medical intervention by experienced medical personnel on the Decedent's behalf;

      f. In failing to properly observe the condition of the Decedent while in custody;

      g. In deliberately and willfully placing Decedent with another person without communicating to that person the repeated suicidal statements made by Decedent;

h. In deliberately and willfully failing to communicate, warn or advise Decedent's mother before or after releasing Decedent from Defendants' police vehicle of the repeated threats that Decedent had made to harm himself and to wish that he were dead;

i. In failing to acquire medical assistance for Decedent in a timely manner;

j. In failing to properly train police officers in the safe methods of handling arrested persons;

k. In failing to establish and implement policies and procedures regarding the safe methods of handling arrested persons;

l. In failing to properly train individual police officers in the monitoring of arrested persons under the care and custody of the Defendant Township and its police department;

m. In failing to establish and/or implement policies and procedures in dealing with the monitoring of arrested persons under the care and custody of the Defendant Township and its police department;

n. In failing to properly train police officers regarding information which is to be communicated to next of kin to whom care is being turned over of an arrested person under the care and custody of the Defendant Township and police department;

o. In failing to establish and/or implement policies and procedures to properly train police officers in the information to be provided to next of kin to whom the care of an arrested person is being transferred;

p. In failing to properly train police officers to request medical intervention for persons under the care and custody of the Defendant Township and police department;

q. In failing to properly establish and/or implement polices and procedures regarding the provision of medical intervention to persons under the care and custody of the Defendant Township and police department;

r. In failing to properly act on the gravity of the threats made by the Decedent that he wished he were dead and that he intended to harm himself;

s. In failing to properly supervise police officers;

t. In failing to properly train police officers in the recognition of excessive, known, and objective suicide risks of persons under the care and custody of the Defendant Township and its police department;

u. In failing to properly train police officers in suicide prevention of persons under the care and custody of the Defendant Township and its police department;

v. In failing to establish and/or implement policies and procedures regarding suicide prevention of persons under the care and custody of the Defendant Township and its police department;

w. In failing to properly train police officers in suicide risk assessment of persons under the care and custody of the Defendant Township and its police department; and

      x.    In failing to properly train police officers in responding to objective and/or excessive suicide risks in persons under the care and custody of the Defendant Township and its police department.

58. As a direct and proximate result of the Defendants' conduct, as set forth in this Complaint, the Plaintiff has suffered the following damages:

    a.    Funeral expenses;

    b.    Expenses of administration related to Decedent's death;

    c.    The loss of contribution, support, consortium, comfort, counsel, aid, association, care and services of the Decedent;

    d.    Such other damages recoverable under 42 Pa. C.S.A. § 8301.

59. As a direct and proximate result of the previously described outrageous and recklessly indifferent conduct of the Defendants, Plaintiff seeks punitive damages.

WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory and punitive damages, together with court costs, interest and other relief permitted by the Court.

**JURY TRIAL DEMANDED.**

## COUNT IV
## PLAINTIFF, MARIA MENAS, AS ADMINISTRATOR OF THE ESTATE OF DIMITRIOS MENAS v. ALL DEFENDANTS
## SURVIVAL ACTION

60. Plaintiff incorporates by reference Paragraphs 1 through 59 of the within Complaint as though the same were set forth at length herein.

61. The Plaintiff brings this survival action pursuant to 42 Pa. C.S.A. § 8302.

62. As a direct and proximate result of Defendants' willful, reckless, indifferent, and outrageous conduct, as more fully set forth in Paragraph 57, which is incorporated herein by reference, the Defendants are liable for the following:

18

      a.    Decedent's pain and suffering between the time of Decedents' arrest and the time of Decedent's death;

      b.    Decedent's loss of earnings from July 5, 2021 to the present;

      c.    Decedent's loss of future earning power;

      d.    Decedent's other financial losses suffered as a result of his death; and

      e.    Decedent's loss of enjoyment of life.

63.    As a direct and proximate result of the previously described outrageous and recklessly indifferent conduct of the Defendants, Plaintiff seeks punitive damages.

WHEREFORE, Plaintiff, Maria Menas, Administrator of the Estate of Dimitrios Menas, Decedent, demands judgment against the Defendants for compensatory and punitive damages, together with court costs, interest and all other relief permitted by the Court.

**JURY TRIAL DEMANDED.**

**COUNT V**
**PLAINTIFF, IN HER OWN RIGHT v. ALL DEFENDANTS**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

64.    Plaintiff incorporates by reference Paragraphs 1 through 63 as though fully set forth at length herein.

65.    The Defendants had a duty to properly supervise and monitor persons under arrest who were in their custody.

66.    Defendants breached that duty by not providing proper supervision and monitoring, and by not seeking medical assessment and intervention after Decedent made repeated suicidal statements to Defendants.

67. As a direct and proximate result of the failure of the Defendants to properly supervise and monitor Decedent and to seek appropriate medical assessment and intervention, Plaintiff, Maria Menas, suffered injuries and damages, including severe emotional distress.

68. Plaintiff, Maria Menas, was in her residence at the time that Decedent, while barricaded in his bedroom, accessed the gun safe using the keys furnished by Officer Kier, and fatally shot himself.

69. Plaintiff, Maria Menas, made multiple calls to 911 dispatch in an effort to prevent Decedent from harming himself.

70. Plaintiff, Maria Menas, later learned that her son, while barricaded in his bedroom, acted on the same threats made earlier to Defendants, which were not communicated to her by Defendants.

71. The actions of the Defendants in bringing Decedent to Plaintiff's home knowing Decedent had made suicidal threats but failing to communicate the same to Plaintiff, and recognizing Decedent's particular vulnerability to suicide, was outrageous and extreme.

72. The conduct of Defendants, as set forth in this Complaint, was reckless.

73. Due to Defendants' conduct, Plaintiff has suffered severe emotional distress.

WHEREFORE, Plaintiff, Maria Menas, demands judgment against the Defendants for compensatory damages and punitive damages, together with court costs, interest, and other relief permitted by this Court.

**JURY TRIAL DEMANDED.**

Respectfully submitted,

KENNETH J. NOLAN, ESQUIRE
Attorney for Plaintiff
Pa. I.D. #32422
Email: ken@getphil.com